[No. 7,335.—Department Two.]
October 28, 1882.

# THE CITY AND COUNTY OF SAN FRANCISCO v. JAMES PHELAN.

IDLE RECITALS IN ASSESSMENT ROLL—TAX—REVENUE—ASSESSMENT ROLL.—
Action to recover a personal property tax. The assessment was made to defendant by name.

*Held:* A recital in the assessment book under the head "Description of Property," that "the property is assessed to parties listed, and to all owners and claimants known or unknown," was an idle recital, and did not vitiate the assessment.

ID.—CASES DISTINGUISHED.—This case differs in principle from the case of *Hearst* v. *Egglestone*, 55 Cal. 365, and the cases therein referred to.

EVIDENCE—FINDING.—In making the duplicate assessment roll or a certified copy *prima facie* evidence of a right to recover, the statute makes the roll or the copy some evidence that the person named did own the property specified.

*Held:* Therefore, notwithstanding the testimony of the defendant that he did not have any money at the time of the assessment, the finding of the Court below on this point against the defendant will be sustained.

APPEAL by defendant from the judgment of the Superior Court of the City and County of San Francisco, and from an order denying a motion for a new trial. HUNT, Jr., J.

This is an action brought by the City and County of San Francisco against the defendant, James Phelan, to recover taxes assessed and levied upon the personal property of defendant for the fiscal year 1876–1877. The assessment was made upon "money." The plaintiff had judgment in the Court below; the defendant moved for a new trial, which was denied. The other facts are stated in the opinion of the Court. After the decision in department, a petition for hearing in bank was made, but the same was denied.

*Sawyer & Ball* and *John L. Love,* for Appellant.

The assessment is void for the reason that the property was assessed to defendant by name, and was "assessed to parties listed, and to all owners and claimants, known or unknown, and to all owners and claimants of any interest, present or future, therein, or any lien upon the same;" and that under Sections 3635 and 3636 of the Political Code, if the property

owner's name is known to the Assessor it must be assessed to him, and if unknown, then to "unknown owners," and not to both. (*Grimm* v. *O'Connell*, 57 Cal. 522; *Grotefend* v. *Ultz*, 53 id. 666; *Hearst* v. *Egglestone*, 55 id. 365; *Brady* v. *Dowden*, 8 P. C. L. J., 838.)

This action was brought under the Act of March 19, 1878. (Stat. 1877–1878, p. 338.) The complaint is a statutory complaint, which makes it unnecessary for plaintiff to allege the very material fact that defendant owned the property mentioned in the assessment. Section 2 of the Act makes a duplicate of the assessment roll duly certified, etc., "*prima facie* evidence of the plaintiff's right to recover." Here it stops. If the defendant pleaded payment and proved it, there would be an end to the lawsuit. In this case he pleads that there was no such property as that mentioned in the assessment, and that " defendant had not any money on which to be assessed. The assessment roll may have been *prima facie* evidence of its contents, but was not conclusive in a proceeding directly based upon its correctness." (*People* v. *Lansing*, 55 Cal. 393)

*John P. Bell* and *Louis H. Sharp*, for Respondent.

The assessment was not made to James Phelan and " to all owners and claimants, known or unknown," etc. The assessment is made to James Phelan, in accordance with Sections 3650 and 3651, Political Code. In the column headed " taxpayer's name," the only name that appears is that of defendant.

The other clause is no part of the assessment; it is but a printed recital inserted in the roll through an abundance of caution; not true in fact or law, and doing neither good nor harm, and is mere surplusage. To have made it part of the assessment, it should have been inserted by the Assessor in the column headed "Taxpayers' Names," and in connection with that of the defendant; thus: "James Phelan and all owners and claimants known or unknown," etc. (*Smith* v. *Davis*, 30 Cal. 537; *Blatner* v. *Davis*, 32 Cal. 330.)

This printed recital might have been on the first or last last page of the assessment book, and would have been in that event as much of the assessment as it is now. The cases

cited by counsel do not apply. *Grotefend* v. *Ultz*, 53 Cal. 666, the leading case—the others simply following it as authority—was an action of ejectment, and without questioning the soundness of the rule there laid down as to the effect of the recitals in a tax deed, it is perfectly manifest that the doctrine has no application here. But if the assessment was made as contended by appellant, it is not therefore void. (*O'Grady* v. *Barnhisel*, 23 Cal. 287; *Brunn* v. *Murphy*, 29 Cal. 326; See Curative Act, Statutes 1877–8, p. 338–9; *People* v. *Seymour*, 16 Cal. 332; Cooley on Const. Lim. (Marg.), 371, and authorities cited.

The Court below found as a fact that the defendant had, at the time of the assessment, the amount of money for which he had been assessed. There was a substantial conflict of evidence; therefore, this finding will not be disturbed. (*Turner* v. *Mahoney*, 56 Cal. 215; *Wakefield* v. *Bouton*, 55 Cal. 109.) The evidence introduced by plaintiff was sufficient to entitle the plaintiff to recover, unless rebutted. (Statutes, 1877–8, p. 339.)

The COURT:

1. The assessment was made to the defendant by name. The recital in the assessment book under the head "Description of Property," that "the property is assessed to parties listed and to all owners and claimants known or unknown," was an idle recital, and did not place the assessment within the principle decided in *Hearst* v. *Egglestone*, 55 Cal. 365, and the other cases therein referred to.

2. The statute makes the duplicate assessment-roll, or a certified copy, *prima facie* evidence of a right to recover. This necessarily makes the roll, or the copy, some evidence that the person named did own the property specified. Notwithstanding the testimony of the defendant that he did not have any money at the time of the assessment, the Court found against him; and with that finding, there being evidence to sustain it, this Court will not interfere.

Judgment and order affirmed.