[No. 8,337. Department Two.—December 13, 1884.]

JOTHAM SALISBURY ET AL., APPELLANTS AND RESPONDENTS, *v.* JOHN SHIRLEY, APPELLANT AND RESPONDENT.

LEASE—DEATH OF JOINT LESSOR—BREACH OF COVENANT—PARTIES.—After the death of one of two joint lessors, the survivor is the proper party plaintiff in an action to recover for a breach of covenant in the lease. Under such circumstances, no right of action passes to the personal representative of the deceased lessor.

ID.—PLAINTIFFS—GUARDIAN AND WARD.—Where the joint lease is executed by the deceased lessor as guardian, the ward, after attaining majority, may be joined as plaintiff with the surviving lessor, in an action to enforce a covenant made for his benefit.

ID.—ASSIGNMENT OF TERM—PRIVITY OF ESTATE.—An assignment of the term by the lessee creates a privity of estate between the lessor and the assignee, after the acceptance of the leasehold estate by the latter.

ID.—COVENANT TO PAY RENT AND TAXES.—A covenant in a lease to pay rent and taxes runs with the land, and for a·breach thereof the assignee of the lessee is liable by virtue of his privity of estate. .

TAXATION—ASSESSMENT—DOLLAR MARK.—The abbreviation "Dolls." is equiv· alent to the word "dollars" in an assessment for taxes.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

Action for breach of covenant in a lease. The facts are sufficiently stated in the opinion of the court.

*Daniel Rogers*, for Defendant and Appellant.

*Clement, Osment & Clement*, for Plaintiffs and Appellants.

THORNTON, J.—The complaint did state facts sufficient to constitute a cause of action against defendant.

The liability of the defendant arose out of the breach of the covenants of a lease executed by Mary Ann Frances Salisbury for herself, and as trustee and guardian of plaintiff, Joseph Hicks, and by Jotham Salisbury, to one William Shields, and by Shields assigned to the defendant. The term of the lease was for ten years and six months, commencing on the 1st day of March, 1859, and ending on the 1st day of September, 1869. The breach assigned was for non-payment of taxes by the defendant, assessed during the last six months of the term, in consequence of which the plaintiffs were compelled to pay them.

The foregoing matters are averred in the complaint, and it is also averred that the plaintiff, Joseph Hicks, ward of Mary Ann Frances Salisbury, became of the age of twenty-one years on the 22d of November, 1870, and that his guardian above mentioned died on the 26th of November, 1869.

It is further alleged that Shields entered into possession of the demised premises, and afterwards assigned the lease to the defendant, who immediately entered into possession of the premises, and remained in possession thereof during the remainder

of the term; and that during all the times mentioned in the com·
plaint the plaintiffs were owners of the premises aforesaid, and
tenants in common thereof.    This action was commenced in
December, 1870.

It is urged on demurrer that plaintiffs are improperly joined.
We are of opinion that this position cannot be upheld.    The
lease was executed by Mary Ann Frances Salisbury for herself,
and as guardian of Joseph Hicks, and also by Jotham Salisbury.
It was a joint lease.    Mary Ann Salisbury having died, Jotham
Salisbury is a proper party plaintiff as surviving lessor (see
Pomeroy's Rem., etc., §§ 188 and 226, and cases cited in notes),
and as such can maintain this action.    Under such circum-
stances no right of action passes to the executor or administra-
tor of the deceased lessor.    Joseph Hicks, the ward, having at-
tained his majority before the suit was brought, could maintain
an action for the breach of any covenant in the lease made for
his benefit.

Jotham Salisbury is a proper party as the surviving lessor of
Mary Ann Frances in her own right, and Joseph Hicks is also
a proper party, as the successor of his deceased guardian, to a
right of action growing out of the breach of a covenant in the
lease made for his benefit.    As Mary Ann Frances, in her own
right, if she had survived, could have united with Jotham Sal-
isbury and with Joseph Hicks, when he had attained his major·
ity, in bringing this action, we see no reason why, when Mary
Ann Frances had died, the present plaintiff could not join for
the same purpose.

It is further contended, that on the averments of the complaint
there is no privity of estate between either of the plaintiffs and
the defendant, Shirley.    In this position counsel are at fault.
The assignment of the term by the lessee to the defendant cre-
ates a privity of estate between defendant and the lessors.    This
is certainly true after the acceptance of the leasehold estate by
defendant.    (*Farmer's Bank* v. *Mutual Assurance Society*, 4.
Leigh, 84 ; *Werdner* v. *Foster*, 2 Penrose & Watts, 26 ; 5
Barr, 1.)    That defendant did accept the term assigned to him,
clearly appears by the averments of the complaint, all of which
are admitted, for the purpose of the demurrer, to be true.    Inas-
much as the covenants to pay rent and to pay taxes run with

the land (*Hannen* v. *Ewalt*, 18 Pa. St. 19 ; *Allen* v. *Culver*, 3 Denio, 290, 301; *Post* v. *Kearney*, 2 N. Y. 394), we have no doubt that this action is properly brought against the assignee of the lessee, the defendant here, who is liable by virtue of privity of estate.   The court below committed no error in overruling the demurrer to the complaint.

We think there is no doubt upon the findings that the taxes in controversy were assessed according to law.   As to the recital under words " Description of property," see *City and County of San Francisco* v. *Phelan*, 61 Cal. 617.   The word " Dolls." will be readily comprehended as standing for " dollars."   The employment of this abbreviation for dollars takes the case out of the rule referred to in *People* v. *San Francisco Savings Union*, 31 Cal. 132 ; and *People* v. *Hastings*, 34 Cal. 574.   The description of the property assessed is sufficient.

The above disposes of the appeal of the defendant.   As to him there is no error, and the judgment is affirmed

The plaintiffs also appeal from the judgment, in so far as it fails to award them the entire sum demanded in the complaint, which is $2,423.18 with interest, (the amount of taxes paid by plaintiffs in consequence of defendant's failure to pay them).

The court below found the following covenants in the lease above mentioned as binding on the lessee :

" And the said party of the second part hereby covenants and agrees to and with the parties of the first part, to pay to them for the said demised premises the sum of two hundred and fifty dollars, subject to the considerations and covenants hereinafter agreed on, payable monthly (in advance) on the first day of each and every month during said term, together with all taxes, costs or assessments which may at any time during said term be levied or assessed on the premises leased, or the improvements thereon."   And—

" That should the amount of rent received by the lessee from said premises, after deducting said taxes and assessments, in any one year during the term of this lease, be insufficient to pay said monthly rental of two hundred and fifty dollars, then the said party of the second part shall not be liable to pay more for the rent of said premises, nor upon the covenants of this lease, than such amounts as he shall receive as the rents and profits of said

property; and until the completion of the improvements herein agreed to be made, the lessee shall pay such amount, not exceeding two hundred and fifty dollars, as shall be received by him."

These covenants also bind the defendant.

The court also found that the term of the above lease was for the period of ten years and six months from the first day of March, 1859, and that the term ended on the first day of September, 1869; that during the last six months of this term, extending from the first day of March, 1869, to the first day of the following September, the net amount of rents received by the defendant from the leased premises was $2,930, and the amount of taxes levied during the same period was $2,423.26.

It does not appear from the findings that the defendant paid the rent during the last six months of the lease, but it seems to have been assumed by the court that the defendant did pay the rent monthly during the period mentioned. We say that it was so assumed by the court, for the reason that in the sixth finding the amount of rent due for the period mentioned is deducted from the amounts of rent received. There would have been no propriety in making this deduction unless such rent had been paid. The counsel make no point on this failure to find, and we shall, therefore, treat it as a fact found, that the rent of $250 per month during the time referred to was unpaid by defendant.

If the defendant had paid the taxes, he would, under the covenant above stated, have been entitled to deduct the amount from the amount of rents received by him, during the six months' period above mentioned. Deducting from the rents received by him during that period, which amounted to $2,930, the amount of taxes ($2,423.26), which he was bound to pay, the remainder, $506.74, would only have been due by him under the covenant for rent. The amount paid for rent during the six months was $1,500. This exceeded the amount of rent ($506.74), which he was bound to pay, by $993.28. If defendant had only paid the amount of rent ($506.74) he was under obligation to pay, he would have had in his hands $993.26 to apply to the amount ($2,423.26) due for taxes, leaving the amount due on the taxes $1,430, which sum only the plaintiffs were entitled to recover.

The court below arrived at the same amount as due to plaintiffs by a different mode of computation. It deducted from the amount ($2,930) of rents received, the amount ($1,500) of rents paid, leaving $1,430 to be applied to the payment of taxes. As the result reached is identical, whichever mode of reckoning is adopted, and is also correct, it is entirely immaterial by what mode such result was reached.

The other point made by the plaintiffs is unsustainable. On the findings, we cannot assume or presume that defendant received from his sub-lessees any amount for taxes during the six months' period mentioned. If this court should assume or presume any such fact to exist, it would be trespassing on the exclusive province of the court *a qua*, viz: that of finding facts and converting itself into a tribunal of original jurisdiction, in direct violation of law.

We find no reason to uphold the contentions of plaintiffs, and the judgment as to them must therefore be affirmed; and it is so ordered.

SHARPSTEIN, J., and MYRICK, J., concurred.