[Civ. No. 925.  Third Appellate District.—June 28, 1912.]

PAUL C. HARLAN, Respondent, v. LEONARD LAMBERT et al., Defendants; DENNIE MAY LAMBERT, Appellant.

COMPLAINT FOR LEGAL SERVICES—NONPAYMENT—ISSUE—PROOF—FINDING.—A complaint in an action to recover the value of legal services must allege the nonpayment of the claim, and where it is put in issue by the answer, it is equally necessary to prove it; and where findings are not waived, it must be substantially found, in order to support a judgment for the plaintiff, that the money had not been paid.

ID.—FINDING OF ALLEGED VALUE OF SERVICES AND OF PART PAYMENT—IMPLIED FINDING OF NONPAYMENT OF RESIDUE—CONCLUSION OF LAW—SUPPORT OF JUDGMENT.—In such action a finding in favor of the alleged value of the services in the sum of $650, and that the sum of $150 has been paid thereon, necessarily implies a finding that no other sum had been paid thereon, especially when construed with the express conclusion of law that the plaintiff is entitled to judgment in the sum of $500, whether construed as an additional finding of fact or not. Such findings and conclusion certainly support the judgment for that sum, without the necessity of any other finding in relation thereto.

APPEAL from a judgment of the Superior Court of Solano County. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

T. T. C. Gregory, for Appellant.

Paul C. Harlan, Respondent, *in propria persona.*

BURNETT, J.—The appeal is on the judgment-roll from a judgment against Dennie May Lambert for the sum of $500. A reversal is sought upon the sole ground that the court failed to find upon the issue of payment. The action was brought to recover the reasonable value of legal services performed by plaintiff for appellant at her special instance and request. The court found that the value of the services was $650, but it is the contention of appellant that as to nonpayment the court found simply that $150 had been paid and that there is no finding that the remainder of the sum had not been paid.

It will not be disputed that it was necessary to allege the nonpayment of the claim, and, since it was put in issue by the answer, that it was equally necessary to prove it. (*Wise v. Hogan,* 77 Cal. 184, [19 Pac. 278]; *Richards v. Lake View Land Co.,* 115 Cal. 642, [47 Pac. 683]; *Dodge v. Kimball,* 121 Cal. 580, [54 Pac. 94]; *Knox v. Buckman,* 139 Cal. 599, [73 Pac. 428].) Since findings were not waived, it would, of course, follow, in order to support the judgment, that it should be found by the court that the money had not been paid.

The basis for appellant's argument is found in the asserted circumstance that the following are the only findings of fact upon the point: "That said representation of said Dennie May Lambert by said plaintiff and said legal services as attorney and counsellor at law rendered as aforesaid by said plaintiff to said Dennie May Lambert were and are reasonably worth the sum of six hundred fifty dollars ($650). That one hundred fifty dollars ($150) of said last-mentioned sum have been paid." Appellant's claim is that the finding is totally insufficient, in that it does not exclude the inference that the balance of the $650 may have been paid also, while respondent contends that at most an uncertainty is produced, and therefore the judgment should be upheld by reason of the rule that "an uncertain finding on payment must be construed so as to support the judgment rather than to defeat it."

(*Warren* v. *Hopkins,* 110 Cal. 506, [42 Pac. 986].)'' In support of her contention that the said finding is not sufficient to cover the balance of $500, appellant cites the case of *Barney* v. *Vigoreaux,* 92 Cal. 631, [28 Pac. 678], wherein it is stated in the syllabus that: ''In an action upon a promissory note, a failure to allege in the complaint that no part of the sum for which the note was given, except certain payments indorsed upon it, had been paid constitutes a fatal defect for which a judgment in favor of the plaintiff will be reversed upon appeal.'' In that case there was a default judgment, and there was not only no allegation that any sum remained *unpaid,* but there was no positive averment that any *definite sum* had been paid, the statement being that ''the defendants executed and delivered to the plaintiff their promissory note, in writing, in the words and figures following, to wit: . . . and indorsed with the following thereon, to wit.'' Then follow certain purported payments of interest and parts of the principal and a demand for judgment. It was not alleged that the payee had made the indorsements or received the money, and it is apparent that the complaint was exceedingly weak in the matter suggested. The gist of the opinion is found in this declaration: ''The omission to allege in the complaint that some part of the said note had not been paid constituted a fatal defect, for which the judgment must be reversed. (*Frisch* v. *Caler,* 21 Cal. 71; *Davanay* v. *Eggenhoff,* 43 Cal. 395; *Scroufe* v. *Clay,* 71 Cal. 123, [11 Pac. 882].)'' In the Frisch case the question was, as stated by the court, ''Whether a plea of payment is new matter in the sense of the statute.'' This question was determined, and it was said in conclusion that: ''This disposes of the only question raised in the case; but it is proper to suggest an objection to the complaint, which, though apparently technical, is of the essence of good pleading. The fact of nonpayment is not directly alleged—the allegation being that there is now due, etc., which is a mere conclusion of law, and would not have stood the test of a demurrer.'' There was an allegation of the payment of a certain sum, but the sufficiency of this allegation to negative the payment of the balance was not argued by counsel nor considered by the court. Likewise, in the Davanay case, it was contended that it was necessary for the defendant to plead payment but the point decided, and

the only one involved, was that the general denial, the complaint being unverified, "put in issue the averment of the complaint, that the promissory note remained due and unpaid." In *Scroufe* v. *Clay,* 71 Cal. 123, [11 Pac. 882], it was held that an averment that the defendant "has refused and still refuses to pay the principal or interest of the note or any part thereof and that there is now due the sum," etc., was insufficient. These cases are not directly in point, and it may be said also, without stopping to specify particularly, that they are not altogether in harmony with the more mature and deliberate expression of the supreme court embodied in the opinion of Chief Justice Beatty in the case of *Penrose* v. *Winter,* 135 Cal. 289, [67 Pac. 772], wherein it is held that though the allegation of nonpayment was "in the form of a legal conclusion, in which the material fact was merely implied, but in the absence of any demurrer, such faults of pleading are cured by the judgment."

But the truth is that we have here a reasonably clear and unequivocal finding of fact that the $500 had not been paid. It is plain that the court in its decision had in view three questions of fact, viz.: Were the services performed? If so, how much were they reasonably worth and how much had been paid for them? The court found, as we have seen, that the services were performed, that they were reasonably worth the sum of $650 and that $150 had been paid. This last is equivalent to a finding that $500 had not been paid, for the simple reason that it clearly implies that $150 was all that was paid. No one fairly familiar with reputable usage of the English language, unless obsessed by his veneration for ancient forms and ceremonies relating to legal proceedings so as to obscure his understanding of the paramount importance of the practical administration of justice, would fail to reach the conclusion that B still owed A $500 if a court should find that the latter had performed for the former services that were worth the sum of $650 and that "$150 of the last-mentioned sum have been paid." If the action were by A against B for the recovery of horses, and the court should find that B had received six hundred and fifty horses which belonged to A, and that he had returned one hundred and fifty of them, it would be readily understood that the others had not been returned. In truth, our use of the language in

every transaction of life is based upon the assumption that such statements as the one here in controversy involve and imply what the logicians call "a universal affirmative." In other words, the affirmation that the defendant paid $150 is equivalent to a statement that $150 is all that he paid. Jevons, in his work on Logic, simply expresses the common understanding when he declares that "Wherever a term is used alone it ought to be interpreted as meaning the whole of its class." It is also true, as he says further, that "the mark of universality usually consists of some adjective of quantity such as all, every, each, any, the whole, but whenever the predicate is clearly intended to apply to the whole of the subject one may treat the proposition as universal." If appellant is right in her contention as to said finding then, of course, respondent would have reason to complain that the court failed to find that his services were not worth more than $650. The point, however, has not been urged that the finding that the services were worth the sum of $650 does not mean that they were worth $650 and no more.

But aside from the foregoing, under the authority of *Jessen* v. *Peterson, Nelson & Co.,* 18 Cal. App. 349, [123 Pac. 219], there can be no doubt that the findings here are sufficient to support the judgment. In that case, in which a rehearing was denied by the supreme court, plaintiff had sued for damages for personal injuries and she recovered judgment for $1,000. There was a finding that she had expended $122.50 for medical attendance, but the court omitted to designate the specific amount in which the plaintiff was damaged on account of personal injuries, but it was declared as a conclusion of law "that the plaintiff is entitled to judgment against the defendant in the sum of $1,000." The court of appeal of the first district held that this should be treated as a finding of fact, and when so considered and read in conjunction with the other probative facts found by the trial court it was sufficient to support the judgment upon the issue of damages. (See, also, *McCray* v. *Burr,* 125 Cal. 636, [58 Pac. 203].) Here, also, under the designation of "Conclusion of law," we have the finding "that plaintiff is entitled to a judgment herein for the sum of $500." But whether regarded or not as a finding of fact, in connection with the findings already recited, it should be held sufficient to sup-

port the judgment in harmony with the spirit of *Penrose* v. *Winter*, 135 Cal. 289, [67 Pac. 772].

It is believed that the contention of appellant is entirely without substantial merit. It is undoubtedly true, as said by the supreme court, in *Millard* v. *Legion of Honor*, 81 Cal. 342, [22 Pac. 865], through Mr. Justice McFarland, that "one main object of the provision (in reference to the court's 'decision') seems to have been to prevent a court from summarily ordering judgment without giving any reasons for it—without stating any facts or legal conclusions upon which it is based. There was also, no doubt, some intent to facilitate the review of a judgment on appeal. But surely the main object was not to afford a cover under which a losing party might successfully set a trap to capture a just judgment. The findings come after the case has been tried, considered and determined, and after the character of the judgment—whether it is right or wrong—has been fixed. They are merely incidental to the main thing—the judgment; and to test their sufficiency by a standard which exacts the extreme of accurate statement and minute detail is to put the incident in the place of the principal. Of course, there ought to be findings on the material issues raised by the pleadings and evidence, but if it appears that there are, in substance, such findings, if is not necessary that they should be in the exact language of the pleadings, or in any particular form."

The case here measures up to all the just requirements of legal procedure and the judgment is affirmed.

Hart, J., and Chipman, P. J., concurred.