[Civ. No. 2156. Second Appellate District.—June 4, 1918.]

WILLIAM LUTTON, Appellant, v. WILLIAM F. RAU, Respondent.

LANDLORD AND TENANT—ASSIGNMENT OF LEASE—ACTION FOR RENTS—APPEAL FROM JUDGMENT—RECORD—PRESUMPTION.—On an appeal from a judgment on nonsuit in an action to recover rents accruing under a written lease subsequent to the assignment thereof, where the appeal is presented upon the judgment-roll and a meager statement of stipulated facts, it must be assumed under the pleadings and judgment that when the assignment was made, the assignee entered into no contract with the lessor affirmatively binding himself to fulfill the covenants of the lease, other than such obligations as would be imposed by entry and taking possession of the demised premises.

ID.—ASSIGNMENT OF LEASE—OBLIGATIONS TO LESSOR.—An occupant of real property holding possession by bare assignment of the lessee assumes to the lessor only such obligations as arise out of the privity of estate as distinguished from those arising upon privity of contract.

ID.—TERMINATION OF LIABILITY—RIGHT OF ASSIGNEE.—A covenant to pay rent is deemed to be a covenant running with the land, and an assignee of a lessee, in the absence of express contract, remains liable only for the payment of rent during the period of his occupancy, and may terminate his liability by reassignment.

ID.—SECOND ASSIGNMENT—EVIDENCE.—In an action by a lessor against an assignee of the lessee for rents accruing subsequent to an assignment in turn by such assignee to others, evidence of the latter assignment was properly excluded.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Ray Howard, for Appellant.

Cates & Robinson, for Respondent.

JAMES, J.—In this action judgment of nonsuit was entered against the plaintiff, who has appealed. The suit was brought for the purpose of enforcing a demand for rent alleged to be held against the respondent Rau as assignee of the codefendants named herein of a lease to certain storerooms located in the city of Los Angeles. The lease was made by the assignor of plaintiff with defendants Roggy & Runge, a copartnership. It was alleged that this lease was afterward assigned to respondent, who entered upon and occupied the premises and who later attempted to assign his rights to other persons. It was to recover rents accruing subsequent to the last alleged assignment that the action was brought. Judgment by default was entered against the lessees Roggy & Runge. The appeal being presented upon the judgment-roll and a meager statement of facts, we must assume that the evidence was sufficient to support the determination of the trial judge and insufficient to support the issues tendered by the plaintiff in his complaint as to all matters except such as are specifically covered by the stipulation of facts. We are required to assume, then, under the pleadings and judgment, that when Roggy and Runge assigned to respondent Rau, Rau entered into no contract, either with his assignors or the lessor, affirmatively binding himself to fulfill the covenants of the lease, other than such obligations as would by implication be imposed upon him because of his entry and assuming possession of the leased premises. It is well-established law that an occupant of real property holding possession by bare assignment of the lessee assumes to the lessor only such obligations as arise out of the privity of estate as distinguished from those arising upon privity of contract. (1 Washburn on Real Property, 6th ed., secs. 682, 683; also sec. 1205, vol. 2.) A covenant to pay rent is deemed to be a covenant running with the land—that is, covenant concerning the land itself, in whosesoever hands it may be. (*Allen* v. *Culver*, 3 Denio (N. Y.), 284; *Salisbury* v. *Shirley*, 66 Cal. 223, [5 Pac. 104]; *Bonetti* v. *Treat*, 91 Cal. 223, [14

L. R. A. 151, 27 Pac. 612].) An assignee of a lessee, in the absence of express contract, remains liable only for the pay-. ment of rent during the period of his occupancy, and may terminate his liability by reassignment. (1 Tiffany on Landlord and Tenant, pp. 987, 988; *Fletcher* v. *McFarlane,* 12 Mass. 43.)

The only reference to evidence received or offered at the trial is that found in one paragraph of the stipulated statement of facts. It appears that the plaintiff offered in evidence a written assignment made by respondent to one Tyler, wherein it was recited that respondent Rau, upon a certain consideration, assigned to Tyler all his interest in "lease of room at No. 524 South Spring Street, together with," etc. We are obliged to look to the judgment of nonsuit, which contains recitals not presented in the form of findings of fact, in order to be apprised that this alleged assignment was actually offered in evidence. In the recitations referred to it is set out that the assignment was offered and that an objection thereto was sustained. Conceding that the record is in sufficient form to properly present the objection, we are of the opinion that no error was committed in refusing to allow the instrument of assignment to be introduced in evidence. We do not think that, under the authorities hereinbefore cited, the production of such an assignment would aid the plaintiff in making out his claim against the defendant for rent which accrued subsequent to the date of the transfer of possession of the premises from respondent to the last holder.

The judgment is affirmed.

Conrey, P. J., and Works, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 1, 1918.