[Civ. No. 3110.  Second Appellate District, Division Two.—March 19, 1921.]

## L. E. CROSS, Respondent, v. T. B. THIELE et al., Defendants; M. T. THOMA, Appellant.

[1] LANDLORD AND TENANT—ACTION FOR RENT—AMOUNT DUE—SUFFICIENCY OF FINDINGS.—In an action for the recovery of rent, a statement in the conclusions of law that the plaintiff is entitled to judgment in the exact amount alleged in the complaint not to have been paid is inconsistent with the idea that payment had been made and, therefore, is equivalent to a finding that payment had not been made.

[2] ID.—FAILURE TO MAKE FINDING—WHEN NOT REVERSIBLE ERROR.—A judgment will not be reversed for failure to find upon a given issue, if there could have been but one finding upon such issue and that finding would have been adverse to the appellant.

[3] ID.—DIVISION OF PROFITS—ABSENCE OF PARTNERSHIP.—A provision in a lease requiring the lessee to pay to the lessor one-third of the net profits derived from the operation of the leased premises, consisting of a furnished hotel, in addition to the payment of a fixed rent charge, does not create a partnership between the parties.

[4] ID.—ASSIGNMENT OF LEASE—NOTICE OF DEFAULT—LIABILITY OF ASSIGNOR.—Where a lease is assigned, the assignor becomes a surety for the assignee under the obligations of the latter to pay the rent to the lessor, and, as such surety, the assignor is liable without notice of the default of his principal.

---

3. What constitutes partnership, notes, 43 **Am. St. Rep.** 229; 115 **Am. St. Rep.** 400.

[5] ID.—NOTICE OF DEFAULT BY ASSIGNEE—AGREEMENT OF LESSOR—
ORAL EVIDENCE INADMISSIBLE.—In an action for the recovery of
rent under a written lease, the testimony of an agent of the lessee,
that, at the time of the execution by the lessor of his written
consent to the assignment of the lease, the lessor stated that,
should the assignee default in the payment of the rent, notice
would be given before he took any action, is inadmissible as vary-
ing the terms of the written lease, where neither the lease nor the
consent to the assignment provide for such notice and the lease
does provide for re-entry by the lessor in case of default in the
payment of rent.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   Chas. Wellborn, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Francis G. Burke and Earle & McLaughlin for Appellant.

G. C. De Garmo for Respondent.

WORKS, J.—This is an appeal by the defendant M. T.
Thoma from a judgment against her for the recovery of
rents.   Appellant leased from respondent, for a term of
years, a certain furnished hotel.   The lease provided for
a monthly payment of a fixed rental and also contained a
clause to the effect that the lessee should pay to the lessor
as rental, but in addition to the fixed rent charge, one-third
of the profits arising from the operation of the property.
After she had been in possession of the hotel for a part of
the term, appellant assigned the lease to the defendant
Thiele.   He retained possession until he was in arrears in
the payment of the fixed rental for a period of five months,
whereupon he surrendered the property to respondent, long
before the expiration of the original term, without the knowl-
edge of appellant.   This action was commenced to recover
the fixed rental due for the five months.

[1]   The appellant's first contention is that the allega-
tion of the complaint that the rent had not been paid was

5.   General rule that parol evidence is not admissible to vary,
add to, or alter the terms of a written contract, notes, 56 Am. St.
Rep. 659; 17 L. R. A. 270.

denied by the answer and that there is no finding upon that issue. There is some doubt whether the denial in the answer meets the allegation of the complaint in the respect mentioned, but we pass that question and take up the claim that there was no finding upon the subject. There was no such finding, in terms, but there are several reasons why a reversal of the judgment need not result on that account. In the first place, it was stated in the conclusions of law that respondent was entitled to judgment in the exact amount alleged in the complaint not to have been paid. This conclusion was inconsistent with the idea that payment had been made and was therefore equivalent to a finding that it had not been made. Where an ultimate fact is to be ascertained, "it is none the less a finding of fact because it is stated as a conclusion from other stated facts." (*Jones* v. *Clark,* 42 Cal. 180; *Harlan* v. *Lambert,* 19 Cal. App. 349, [125 Pac. 1079].) [2] As a further reason why a reversal could not result from the failure expressly to find on the issue, it is to be noted from the bill of exceptions upon which the case comes to us that the respondent testified that the amount mentioned in the complaint had not been paid; that it was stipulated at the trial, immediately after the giving of that testimony, that demand was made upon appellant, prior to the bringing of the action, "for the rent due and unpaid"; that appellant offered no evidence tending to show payment, and that the entire examination of the nonappealing defendant, J. S. Thoma, husband of appellant, the only witness offered by the defendants, was conducted upon the theory that the rent had not been paid, the witness being questioned by the counsel for appellant. Under these circumstances there could have been but one finding on the issue, and the rule is that, upon a failure to find, "the judgment will not be reversed, if the finding omitted must have been adverse to the appellant." (*People* v. *Center,* 66 Cal. 551, [5 Pac. 263, 6 Pac. 481]; *Gerth* v. *Gerth,* 7 Cal. App. 735, [95 Pac. 904].) In short, there having been no controversy on this question in the trial court, there can be none here.

[3] Because of the provision in the lease requiring appellant to pay to respondent one-third of the net profits derived from the operation of the hotel, in addition to the

payment of the fixed rent charge, appellant contends that a partnership was created and that respondent must have sued her in equity for an accounting, and that therefore he cannot maintain the present action for the fixed rental. It is sufficient to say, upon this head, that the provision did not- make appellant and respondent partners. (*Nofsinger* v. *Goldman,* 122 Cal. 609, [55 Pac. 425].)

[4] It is insisted by appellant that the complaint in the action was defective because it did not allege that notice had been given to appellant that Thiele had defaulted in the payment of rent and that, accordingly, the general demurrer to the pleading should have been sustained. This claim is based upon the contention that appellant was but a surety for Thiele with respect to the latter's obligation to pay the rent. It is well settled, certainly, that when a lease is assigned the assignor becomes a surety for the assignee under the obligation of the latter to pay the rent to the lessor (*Samuels* v. *Ottinger,* 169 Cal. 209, [Ann. Cas. 1916E, 830, 146 Pac. 638]) ; but a surety is liable without notice of the default of his principal (*Treweek* v. *Howard,* 105 Cal. 435, [39 Pac. 20] ; *Carpenter* v. *Furrey,* 128 Cal. 665, [61 Pac. 369]), and the rule has been applied in a case of suretyship like the one now under consideration (*Goergen* v. *Schmidt,* 69 Ill. App. 538; *Crowley* v. *Gormley,* 59 App. Div. 256, [69 N. Y. Supp. 576]). The complaint is not subject to the criticism advanced by appellant.

[5] The defendant J. S. Thoma acted as the agent of appellant in procuring respondent's consent to the assignment of the lease to Thiele, that consent being necessary under the terms of the instrument. Thoma testified that at the time of the execution of the consent, which was in writing, respondent told him that he would notify Thoma before taking any action if Thiele defaulted in the payment of rent and that, in case of such default, he would give Thoma a chance to go in and run the house himself. This evidence was stricken out on motion and appellant claims that the ruling was erroneous. The lease contained the usual provisions that the lessee would quit and surrender the property at the end of the term or at the time of any earlier termination of the lease and that it should be lawful for the lessor to re-enter and remove all persons from the

premises in the event that any rent should become due and be unpaid. These covenants, as is apparent from a reading of them, allowed to respondent very definite ways and means by which to protect himself if at any time the rent were not paid. The lease itself, of course, provided for no notice before respondent resorted to his rights under· the provisions mentioned, nor did the assignment, nor did the consent to the assignment. Not only so, but the consent contained a specific provision that appellant should not be released from any of the obligations of the lease prior to January 1, 1919. Thiele's default in the payment of the rent occurred between May 1 and October 1, 1918, and respondent re-entered on the last-named day. It is plain, therefore, that the offer of the conversation between Thoma and respondent was but an attempt to vary the terms of the lease and of the consent and the ruling of the trial court in granting the motion to strike was proper. (Code Civ. Proc., sec. 1856.)

The judgment is affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 18, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 16, 1921.

All the Justices concurred.