[Civ. No. 6992. First Appellate District, Division Two.—February 8, 1930.]

W. ORRIN BACKUS, Respondent, v. AGNES DUFFY, etc., Appellant.

Fred A. Watkins for Appellant.

Arthur L. Shannon for Respondent.

STURTEVANT, J.—This is an action brought to recover rent. On the twenty-sixth day of February, 1923, R. L. Collins leased to W. O. Backus the premises known as 667 Geary Street. By the provisions of the lease the term commenced May 1, 1923, and ended May 1, 1928. The rental reserved was $150 per month during the time from December 1, 1924, to the end of the lease. It contained many covenants. One of those covenants was to pay the rent promptly, and continuing it provided: " . . . and in the event of the failure of the lessee so to do, or in the event of a breach of any of the other covenants or agreements herein contained, on the part of the lessee to be kept or performed, or in the event the lessee shall abandon or vacate the said premises, the lessor may, without demand or notice,

declare the said term ended, and may reenter into and upon said premises and remove all persons and things therefrom, and repossess the said premises as in the first and former estate of the lessor, or the lessor may, at the lessor's option, pursue any other remedy which he may have, either at law or in equity, for collection of rent or breach of covenant."

On December 1, 1924, the plaintiff wrote to the defendant a letter as follows:

"San Francisco, Calif., December 1st, 1924.
"Miss Agnes Duffy,
        "330 Sutter Street,
                "San Francisco, Calif.
"Dear Madam:

"Confirming our conversation of this afternoon regarding your renting of all that certain store and basement contained in that certain one-story and basement concrete building, situate on the southerly line of Geary Street, between Jones and Leavenworth Street, and known and designated · as #667 Geary Street, size approximately 12:6x69; we wish to advise that the following conditions will be acceptable to us:

"This article to act as an agreement of tenancy between us, under which the lessee shall be governed by all the covenants and agreements contained in that certain lease, made and entered into on the 26th day of February, 1923, by and between Roy L. Collins and W. Orrin Backus.

"The term of tenancy to be the unexpired portion of the above mentioned lease at a rental of $100 per month for the first twelve months and $125 per month for the balance.

"It is further understood that the lessee shall deposit no security on the above tenancy. It is also understood that the lessor shall have the privilege of installing certain sidelines, such as ready-made dresses, furs, lingerie, etc., which the lessee agrees to sell upon a division of the profits.

                        "Very truly yours,
                        "W. Orrin Backus Lessor
"W. F. Murphy Witness."

Under the terms stated in said letter the defendant entered into possession of the premises mentioned therein and continued to occupy the premises until the end of the term. During that period of time she paid to the plaintiff rent in

the total sum of $3,250. The plaintiff gave her credit for the payments made and in this action sought to recover an alleged balance, $1575. The trial court made findings in favor of the plaintiff and awarded him judgment for the amount prayed and the defendant has appealed, bringing up a typewritten transcript.

The defendant makes one point. She claims that the letter above set forth was an assignment of the full term and therefore the original lessee could not sue, but that the original lessor could have sued her as for rent. (*Salisbury et al.* v. *Shirley*, 66 Cal. 223 [5 Pac. 104]; *Bonetti* v. *Treat*, 91 Cal. 223 [14 L. R. A. 151, 27 Pac. 612]; *Jeffers* v. *Easton, Eldridge & Co.*, 113 Cal. 345 [45 Pac. 680]; *Lutton* v. *Rau*, 37 Cal. App. 429 [173 Pac. 1111]; *Cross* v. *Thiele*, 51 Cal. App. 780 [197 Pac. 974].) In this connection she claims that the letter above quoted, although in form a sublease, was a transfer of the entire term and contained no reversion and was therefore in law an assignment. (*Smiley* v. *Van Winkle*, 6 Cal. 605; *Jordan* v. *Scott*, 38 Cal. App. 739, 744, 745 [177 Pac. 504].) That claim is not quite exact as it involves a misconception of the technical meaning of the word term as applied to leases. (38 Cyc. 185, note 39.) The authorities cited support the claim when the period of time for which the lessee holds coincides with the period of time which the sublessee holds and the other provisions in the contract do not show that the parties intended to create a sublease. In *Barkhaus* v. *Producers Fruit Co.*, 192 Cal. 200, at page 206 [219 Pac. 435, 437], Mr. Justice Myers said: "The term which a tenant must assign, in order to terminate his privity of estate with the landlord, may be regarded as having three dimensions analogous to the special dimensions of length, breadth and thickness. The term to be transferred to his assignee by such a tenant must be for a period of time at least equal to the remainder of the term of the original lease. It must cover all of the premises demised by the original lease, and it must include all of the estate and interest in said premises possessed by the lessee under the original lease. 'To constitute an assignment of a leasehold interest, the assignee must take precisely the same estate in the whole or in a part of the leased premises which his assignor had therein. He must not only take for the whole of the unexpired time,

but he must take the whole estate, or in other words, the whole of the term; for in the language of Blackstone, "the word 'term' does not merely signify the time specified in the lease, but the estate also and interest that passes by that lease. . . . '' If by the terms of the conveyance, be it in the form of a lease or an assignment, new conditions with a right of entry, or new causes of forfeiture are created, then the tenant holds by different tenure, and a new leasehold interest arises, which cannot be treated as an assignment or a continuation to him of the original term.' (*Dunlap* v. *Bullard*, 131 Mass. 161, 162. See, also, *United States* v. *Hickey*, 17 Wall. (84 U. S.) 9 [21 L. Ed. 559, see, also, Rose's U. S. Notes]; *Davis* v. *Vidal*, 105 Tex. 444 [42 L. R. A. (N. S.) 1084, 151 S. W. 290]; 1 Taylor on Landlord and Tenant, 9th ed., sec. 16.)'' One of the questions· involved is, was the tenure of the plaintiff under his lease the same as the tenure of the defendant under her contract? A comparison of the two instruments shows that it was not. The plaintiff was bound to pay the landlord $150 per month. The defendant contracted to pay the lessee $100 per month during a part of the time and $125 per month during the rest of the time and she also agreed "that the lessor shall have the privilege of installing certain sidelines, such as ready-made dresses, furs, lingerie, etc., which the lessee agrees to sell upon a division of the profits.'' It thus appears that the rent reserved in the one instrument and the tenure of the plaintiff was not identical with the tenure of the defendant. Furthermore, under the terms of her contract the defendant adopted the reversionary clause contained in the original lease. That instrument retained the right to re-enter before the expiration of the term on the breach of condition. The right of reversion was continued, but on conditions quite different as to the amount of rent and carrying plaintiff's "lines.'' When the lease contains such a covenant there is a conflict of authorities as to the effect. One line of cases holds that the insertion of such a covenant deprives the instrument of its character as an assignment. (*Essex Lunch, Inc.*, v. *Boston Lunch Co.*, 229 Mass. 557 [118 N. E. 899]; *Davis* v. *Vidal*, 105 Tex. 444 [42 L. R. A. (N. S.) 1084, 151 S. W. 290]; *H. L. Null & Co.* v. *J. S. Garlington & Co.*, (Tex. Civ.

App.) 242 S. W. 507.) In *Saling* v. *Flesch*, 85 Mont. 106 [277 Pac. 612], the Supreme Court of Montana cites and follows those cases. Continuing, on page 614, the court says: "We agree with the conclusion stated by the court in *Wilson* v. *Cornbrooks*, 5 N. J. Misc. Rep. 614 [137 Atl. 819], where it is said: 'The better view, it seems to me, is that, where the tenant reserves the right of reentry upon failure of his transferee to pay rent or upon violation of covenants, he does not part with his entire term or estate, and that the retention of such contingent reversionary interest creates a subtenancy.' " The claim of the defendant as stated by her is not applicable to the facts. It cannot be sustained.

The judgment is affirmed.

Nourse, J., and Dooling, J., *pro tem.*, concurred.