SALING, APPELLANT, v. FLESCH ET AL., RESPONDENTS.

(No. 6,423.)

(Submitted April 10, 1929. Decided May 22, 1929.)

[277 Pac. 612.]

*Messrs. Foot, MacDonald & Foot,* for Appellant, submitted a brief; *Mr. T. H. MacDonald* argued the cause orally.

*Mr. Louis P. Donovan,* for Respondents, submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an appeal from a judgment for defendants John and Augusta Flesch after their general demurrer to the amended complaint was sustained.

The amended complaint alleges: That in March, 1921, defendants John and Augusta Flesch gave to plaintiff an oil and gas lease on a section of land in Toole county for the term of ten years; a copy of the lease is attached to and made a part of the complaint. The lease, among other things, provides: "If no well be commenced on said land on or before the 18th day of March, 1922, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, or to the lessor's credit in the First National Bank at Shelby, Montana, or its successors, which shall continue as the depository regardless of change in the ownership of said land, the sum of Six Hundred Forty Dollars, which shall operate as a rental and cover the privilege of deferring the commencement of a well for 12 months from said date. In like manner and upon like payments or tenders the commencement of a well may be further deferred for like periods of the same number of months successively."

On June 4, 1925, plaintiff executed and delivered to defendant John O'Neil an instrument whereby he conveyed the west half of the section to O'Neil, and which contained this clause: "Now, therefore, for and in consideration of One and No/100 Dollars, (and other good and valuable consideration), the receipt of which is hereby acknowledged, the undersigned, the present owner of said lease and all rights thereunder or incident thereto, do hereby bargain, sell, transfer, assign and con-

vey unto John O'Neil all of his right, title and interest of the original lessee and present owner in and to the said lease and rights thereunder in so far as it covers the W½ Section Fourteen (14) Twp 33 N R 2 W, subject to the commencement of drilling operations within one mile of Section 14 Twp 33 R 2 W and further subject to the payment by said John O'Neil of delay rentals on all of original lease commencing March 1st, 1926, until lease is validated or reassigned in same condition to said assignor together with all personal property used or obtained in connection therewith to John O'Neil and his heirs, successors and assigns.''

The complaint further alleges that during the year 1927, plaintiff caused a well to be drilled on the east half of the section which produces natural gas in commercial quantities; that in March, 1926, O'Neil made and delivered his check to plaintiff in the sum of $320 in payment of one-half of the rental provided in the lease, and plaintiff indorsed the check and forwarded it, together with his check for $320, to John Flesch long previous to the eighteenth day of March, 1926, in full payment of all amounts due under the lease; that the checks were accepted by defendant John Flesch in payment of the rental for the year 1926 and were held by him for a long period of time before and after the eighteenth day of March, 1926; and that when the check of O'Neil was presented for payment, payment was refused by the order of O'Neil, but no notice of such refusal was given to plaintiff until the month of May, 1926; that at that time the attorneys for John and Augusta Flesch notified plaintiff that the lease, as far as it affected the west half of the section, had been forfeited; that during the life of the lease payments were made thereon for delay rentals by checks which were accepted by defendants as payment without question, and that defendant John Flesch by his conduct induced plaintiff to believe that the checks were accepted in payment of amounts due under the lease; that in the month of May, 1926, O'Neil executed and caused to be recorded an attempted release to the defendants John and

Augusta Flesch of all rights acquired by plaintiff in and to the west half of the section; that the release was obtained collusively and fraudulently as between the defendants and as against the plaintiff; that plaintiff promptly tendered to defendant John Flesch the amount of the check of O'Neil with interest, but the payment was refused. The prayer is for an order canceling the release executed by O'Neil and restoring plaintiff to full rights under the lease between him and the defendants John and Augusta Flesch.

The sufficiency of the amended complaint is the only question presented by the appeal.

The contention of the defendants John and August Flesch is that the instrument executed by plaintiff to O'Neil was and is an assignment of the west half of the section and that plaintiff has no right, title, or interest in the property thus assigned. Plaintiff contends that the instrument was and is a sublease and not an assignment.

The distinction between an assignment and a sublease is that ██ ██ in the former the assignor parts with his whole interest for the whole term, whereas in the case of a sublease the sublessor retains for himself a reversionary interest in the lands involved. (*McNamer Realty Co.* v. *Sunburst Oil & Gas Co.*, 76 Mont. 332, 247 Pac. 166.)

An assignment creates no new estate but transfers an existing estate into new hands, while a sublease creates a new estate resulting in the relationship of landlord and tenant between the sublessor and sublessee. (*City of Waterville* v. *Kelleher* (Me.), 141 Atl. 70.)

Whether the instrument resulting in the conveyance by plaintiff to O'Neil was an assignment or a sublease depends upon the intention of the parties. As was said in *Stewart* v. *Long Island R. Co.*, 102 N. Y. 601, 55 Am. Rep. 844, 8 N. E. 200: "As between the original lessee and his lessee or transferee, even though the original lessee demises his whole term, if the parties intend a lease, the relation of landlord and tenant, as to all but strict reversionary rights, will arise between

them." That the intention of the parties is the controlling consideration in solving the question whether an instrument has the legal effect of an assignment or a sublease is sustained by the following cases: *Nunnally Co.* v. *Bromberg & Co.*, 217 Ala. 180, 115 South. 230; *Potts-Thompson Liquor Co.* v. *Potts*, 135 Ga. 451, 69 S. E. 734; *Linden* v. *Hepburn*, 5 How. Prac. 188, 5 N. Y. Super. Ct. 668.

Courts are divided on the question whether, when the original lessee retains the right to re-enter before the expiration of the term on the breach of conditions, the instrument is an assignment or a sublease. The cases of *Sexton* v. *Chicago Storage Co.*, 129 Ill. 318, 16 Am. St. Rep. 274, 21 N. E. 920, and *Craig* v. *Summers*, 47 Minn. 189, 15 L. R. A. 236, 49 N. W. 742, relied upon by defendants, are illustrative of those taking the view that such reservation does not deprive the instrument of its character as an assignment. Cases taking the opposite view are: *Essex Lunch* v. *Boston Lunch Co.*, 229 Mass. 557, 118 N. E. 899; *Davis* v. *Vidal*, 105 Tex. 444, 42 L. R. A. (n. s.) 1084, 151 S. W. 290; *Nunn & Co.* v. *J. S. Garlington & Co.* (Tex. Civ. App.), 242 S. W. 507.

We agree with the conclusion stated by the court in *Wilson* v. *Cornbrooks*, 5 N. J. Misc. Rep. 614, 137 Atl. 819, where it is said: "The better view, it seems to me, is that, where the tenant reserves the right of re-entry upon failure of his transferee to pay rent or upon violation of convenants, he does not part with his entire term or estate, and that the retention of such contingent reversionary interest creates a subtenancy."

The controlling question in this case, then, is: Did the parties intend by the conveyance to create the relationship of landlord and tenant between plaintiff and O'Neil with the right in plaintiff to re-enter the premises on the breach by O'Neil of the covenants therein contained?

The instrument contains a clause by which the grantor bargains, sells, transfers, assigns, and conveys the lands in question with these conditions: "Subject to the commencement of drilling operations within one mile of Section 14 Twp. 33 R 2

W and further subject to the payment by the said John O'Neil of delay rentals on all of original lease commencing March 1st, 1926, until lease is validated or reassigned in same condition to said assignor together with all personal property used or obtained in connection therewith to John O'Neil and his heirs, successors and assigns." We think that by this instrument the plaintiff reserved the right of re-entry upon breach of the conditions and covenants by the defendant O'Neil, and that the instrument, when tested by the rules above stated, is a sublease and not an assignment. It follows that the attempted release of the premises by O'Neil to John and Augusta Flesch on June 8, 1926, after he had defaulted in the conditions of the lease between him and plaintiff, was ineffectual to transfer any right, title, or interest in the property.

The only remaining question is whether, under the circumstances alleged, the plaintiff was in default under his lease so as to terminate his rights thereunder.

If plaintiff was in default in the payment of delay rental, then the lease, being what is called an "unless" lease, automatically expired. (*McDaniel* v. *Hager-Stevenson Oil Co.,* 75 Mont. 356, 243 Pac. 582; *Bowes* v. *Republic Oil Co.,* 78 Mont. 134, 252 Pac. 800.) As bearing upon this question the complaint alleges that in the month of March, 1926, O'Neil gave his check for $320 to plaintiff and plaintiff indorsed and forwarded it, together with his own check in like amount, to John Flesch, long previous to the eighteenth day of March, 1926, which was the date on which payment became due. It is alleged that the checks were accepted by John Flesch in payment of the delay rental and that they were held by him a long time before and after the eighteenth day of March, 1926, and when the O'Neil check was finally presented, payment was refused by order of O'Neil, but no notice thereof was ever given to plaintiff until in May, 1926, when the attorneys of John and Augusta Flesch notified plaintiff that the lease, so far as it concerns the west half of section 14, had

been forfeited. It is further alleged that during the life of the lease it was customary to pay the delay rentals by check and that the checks were accepted by the defendants Flesch as payment without question, and that defendant John Flesch by his conduct induced plaintiff to believe that the checks were accepted in payment of the amounts due under the lease. It is also alleged that plaintiff promptly made tender of payment to John Flesch of the O'Neil check with interest, but payment was refused.

These allegations on demurrer must be accepted as true. It is well settled that payment of an obligation by check is conditional only. (*Kalman* v. *Treasure County*, 84 Mont. 285, 275 Pac. 743, and cases therein cited.) However, under the circumstances here alleged, the defendant John Flesch waived strict compliance with the terms of the lease requiring payment on or before March 18, 1926, the date when the delay rental was due, by his conduct in holding the checks until after the 18th before presentation. To permit him to adopt the course here alleged and thus secure the forfeiture of plaintiff's rights under the lease would be to place a premium on his own negligence or delay in presenting the checks for payment. Under the circumstances here alleged, the defendant John Flesch could not put plaintiff in default under the lease until he notified plaintiff that the check was dishonored and thus gave plaintiff an opportunity to pay it. The defendant was at liberty to choose his own time of presenting the check and notifying plaintiff of its nonpayment; but until this was done, under the facts alleged, plaintiff could not be held to be in default under the lease.

Plaintiff contends that the allegations of the complaint are sufficient to show that the delay rental has been paid by failure of the defendant John Flesch to present the check within a reasonable time. But, treating the complaint as sufficiently alleging the failure to present the check and to give notice of dishonor within a reasonable time, still these facts

under the circumstances do not operate as payment of the check. We think that before plaintiff is entitled to be restored to his rights under the lease, he must allege in his complaint his willingness, readiness and ability to pay the past-due delay rental and offer to deposit the same in court for the defendant John Flesch, as a condition precedent to the right to the relief demanded. The lower court sustained the demurrer and ordered that plaintiff be refused the right to further plead. It was proper to sustain the demurrer, but error to refuse the right to amend the complaint.

The judgment is reversed and the cause remanded, with direction to allow the plaintiff the right to further amend his complaint, if he so desires.

Mr. Chief Justice Callaway and Associate Justices Matthews, Galen and Ford concur.