### No. 8698.

### SAULPAUGH ET AL. v. HAMILTON.

1. LANDLORD AND TENANT—*Assignment of lease.*  The landlord's assent to the tenant's assignment of his lease does not relieve the latter of liability for the rent.

Nor does the acceptance of rent from the assignee.

2.——*Landlord's Failure to Record a Chattel Mortgage*, securing the rents, does not impair his right to look to the lessee for rents.

*Error to Denver District Court, Hon. George W. Allen, Judge.*

*En banc.*

Messrs. DANA & BLOUNT, and Mr. RICHARD A. SMITH, for plaintiffs in error.

Messrs. GOUDY, TWITCHELL & BURKHARDT, for defendant in error.

Opinion by Mr. Justice Teller.

PLAINTIFFS in error brought suit against the defendant in error to recover on a covenant in a lease to pay the rent of a hotel, and, the court having directed a verdict for the defendant, and entered judgment thereon, they bring the cause here for review. The parties will here be designated as they were in the trial court.

The lease on which the action was brought was made by the plaintiffs as lessors, and the defendant as lessee, for a term of years, and contained a provision which permitted the lessee to assign it to a corporation thereafter to be organized; but provided that "said lessee shall remain

personally responsible for the fulfillment of all the terms of said lease, just the same as if such transfer was not made."

Soon after the execution of the lease it was assigned by the defendant to the Mankato Hotel Company, a corporation organized to take it over.

Some two years later the plaintiffs, on the solicitation of the defendant, consented to an assignment of the lease by the corporation to one Heldenbrand and one Miller. This consent provided that it should "not in any way release the said Charles B. Hamilton or the Mankato Hotel Company from liability for rent upon said lease," etc. These assignees failing to pay the rent, the lessors brought this action against the defendant as lessee.

The lease gave the lessors a lien on the furniture in the hotel, for the rent, but the lease was not recorded. Hendenbrand and Miller gave a chattel mortgage on said furniture to secure a debt to a bank, which mortgage was afterwards foreclosed.

The defense was that the lessors, by consenting to an assignment of the lease, and the acceptance of the Hotel Company, and the subsequent assignees, as tenants, relieved the defendant of the liability for the rent. It is also contended that the defendant, after the assignment, was a mere surety for the assignees, and that the failure of the plaintiffs to record the lease, and so preserve their security, discharged the defendant from his obligation to pay rent.

It is the settled law in this jurisdiction that mere assent to an assignment of a lease, and the acceptance of rent from an assignee does not release the lessee from his covenant to pay rent. *Wilson v. Gerhardt,* 9 Colo. 585, 13 Pac. 705. This is the law also in Minnesota, where this lease was made. In *Reese v. Lowy,* 57 Minn. 381, 59 N. W. 310, it is said:

"Nothing is better settled than that a surrender of a lease, or a release of a lessee, is not to be implied from the mere facts that a lessor assented to the assignment of the

lease, and accepted rent from the assignee in possession."

That is a settled rule of law. 6 M. A. L. 292; 24 Cyc. 1177.

This being so, it is difficult to perceive upon what ground a release is to be presumed in the face of an express condition that the assent shall not work a release.

The extended discussion by defendant's counsel of the plaintiffs' duties to defendant as a surety wholly overlooks the fact that while as between him and his assignee he was a surety, as to the lessors he was a principal by an express covenant to pay the rent. Defendant's relation to plaintiffs as a debtor being fixed by the lease, it could not be changed except by an agreement with the plaintiffs to that effect.

Instead of such an agreement we find plaintiffs making their assent to the assignments conditional upon defendant's remaining liable for the rent. Since the plaintiffs had the right to look to defendant as the principal debtor—as well as to the assignees—the question of their failure to protect the security by way of the lien on the furniture need not be considered.

The assignments were both made at the instance of the defendant, and it would be a miscarriage of justice to allow those acts thus induced to defeat the plaintiff's right to recover.

The court erred in directing a verdict, and the judgment is therefore reversed.

*Judgment reversed.*

Mr. Justice Allen not participating.

Decided January 7, A. D. 1918. Rehearing denied March 4, A. D. 1918.