ESSEX LUNCH, INCORPORATED, *vs.* BOSTON LUNCH COMPANY.

Suffolk.    February 4, 1918. — March 1, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Landlord and Tenant. Covenant,* In lease. *Equity Jurisdiction,* To restrain alteration of leased building in violation of covenant.

In a suit in equity by the assignee of the rights of the sublessor under a sublease in writing to the defendant of a store on the ground floor of a building which was leased to such sublessor by its owner, to enjoin the defendant from cutting an opening in the partition wall between the leased store and an adjoining store in the next building, it appeared that by the terms of the lease the defendant covenanted "to keep the said leased premises in such repair, order and condition as the same are in at the commencement of the said term" and "not to make or permit to be made any alteration or addition to the said leased premises, nor permit any hole to be made or drilled in the stone or brickwork of the said building, . . . except such and in such place and manner as shall have been

first approved in writing by the Lessor." It further appeared that the owner of the building also owned the next building, which also had a store on the ground floor, and gave the defendant permission in writing to cut an opening in the partition wall for the purpose of connecting the two stores, and that the defendant proceeded to cut such an opening although forbidden by the plaintiff to do so. *Held,* that the owner of the building had no power to authorize the defendant to violate the obligations of his covenant in the sublease from the plaintiff's assignor, and that the plaintiff was entitled to an injunction.

BILL IN EQUITY, filed in the Superior Court on October 6, 1917, by the assignee and holder of the sublessor's interest in a sublease of the store on the ground floor and the rear half of the basement of the building numbered 17 on Essex Street in Boston, the lease having been given to the defendant by Bert A. Kelsey, described in the lease as a corporation, which afterwards assigned its interest as lessor to the plaintiff, to enjoin the defendant from proceeding further in cutting an opening in the partition wall between the leased premises and the building numbered 19 and 21 on Essex Street, praying also that the defendant be ordered to replace the wall in the condition in which it was at the beginning of the term of the lease, also for damages and for further relief.

The defendant's answer, among other matters, contained the following paragraph: "4. All the real estate heretofore described numbered 17, 19 and 21 on said Essex Street are owned and have been for sometime past by the Atherton Brown trustees, who have given their written consent to the opening in the wall above described, and said work has been done in the usual way by application being made to the building department of the city of Boston, and the work in all respects has been completed in accordance with law, and that no additional risk has been caused by said work, and that because of the consent of the owner of the building obtained as aforesaid, no breach has been thereby affected in the lease to said Kelsey from the owners of said building."

In the Superior Court the case was heard by *J. F. Brown,* J. The material facts are stated in the opinion. The judge made the memorandum of decision which is quoted in full in the opinion. By order of the judge a final decree was entered that the bill be dismissed with costs; and the plaintiff appealed.

The case was submitted on briefs.

*C. C. Barton, Jr.,* & *R. E. Harding,* for the plaintiff.

*A. C. Webber,* for the defendant.

PIERCE, J.   Bert A. Kelsey, the lessee under a written lease, let the entire premises to the defendant for the remainder of his term, reserving the right to re-enter on breach of any of the covenants "and repossess the same as of the Lessor's former estate," and then assigned all his interest in the lease to the plaintiff.   The lease to the defendant was an underlease and not an assignment.   Before the assignment to the plaintiff, Kelsey had a substantial interest in the premises underlet to the defendant; he had the right to use and enjoy the premises let to the defendant for the remainder of the term, upon a surrender or forfeiture of the sublease for any breach of covenant; and this interest passed to the plaintiff by Kelsey's assignment.   *Patten* v. *Deshon,* 1 Gray, 325.   *McNeil* v. *Kendall,* 128 Mass. 245.   *Dunlap* v. *Bullard,* 131 Mass. 161.   *Collins* v. *Hasbrouck,* 56 N. Y. 157.   *Doe* v. *Bateman,* 2 B. & Ald. 168.

It is admitted by the defendant, or not denied, that it leased the adjoining premises and thereby acquired the occupancy of the stores situated on the ground floors of both buildings.   These stores were separated from each other by a partition wall, which was the dividing wall between the two buildings.   With the written consent of the owner of both buildings, but against the protest of the plaintiff and in defiance of a notification of the plaintiff that under no circumstance could said wall be broken or any portion thereof removed, the defendant cut an opening eight to ten feet in length in the partition wall for the purpose of connecting both stores.   The suit was heard before a judge of the Superior Court who filed a memorandum in these words: "The owner of the two buildings having given permission, in writing, to cut the hole in the wall between the two buildings, this bill is dismissed with costs."

The plaintiff, as assignee of the lease which Kelsey had given to the defendant, acquired a property interest in the leased premises which enabled him to maintain an action at law to recover damages for injury to that interest or a suit in equity to restrain the doing of acts which amount to waste, which, as defined in *Delano* v. *Smith,* 206 Mass. 365, 370, "is an unreasonable or improper use, abuse, mismanagement or omission of duty touching real estate by one rightfully in possession which results in its substantial injury.   It is the violation of an obligation to treat the premises in

such manner that no harm be done to them and that the estate may revert to those having an underlying interest undeteriorated by any wilful or negligent act." "The test in such a case is not alone whether a material injury is done to the building, but whether it is altered in a material manner, and to an extent beyond what is fairly implied from the terms of the original contract of letting." *Klie* v. *Von Broock*, 11 Dick. 18, 29. Tried by this rule, the owner of the premises by his assent could confer no right upon the defendant without the permission of the plaintiff to violate the obligations which it assumed by its covenant "to keep the said leased premises in such repair, order and condition as the same are in at the commencement of the said term" and "not to make or permit to be made any alteration or addition to the said leased premises, nor permit any hole to be made or drilled in the stone or brickwork of the said building, . . . except such and in such place and manner as shall have been first approved in writing by the Lessor."

It follows that the decree dismissing the bill must be reversed with costs; and it is

*So ordered.* -