[Civ. No. 3080. First Appellate District, Division One.—October 23, 1919.]

## C. W. GATES, Respondent, v. OSWALD KEHLET et al., Defendants; L. M. ARMSTRONG, Appellant.

[1] LANDLORD AND TENANT — RETAKING OF POSSESSION BY LESSOR — LEASE NOT TERMINATED.—Where the original lessor takes posses- sion of the leased premises and relets the same under an express agreement that he is doing so for the benefit of the original lessee and his assignees and that his act in so doing and the re- letting of the premises by him is not in any manner to relieve the lessees or any of them of liability for the rent of the prem- ises as provided in the lease, the original lease is not thereby terminated.

[2] ID.—ASSIGNMENT OF LEASE—AGREEMENT WITH ASSIGNEE AS TO RETAKING—ORIGINAL LESSEE NOT RELIEVED FROM LIABILITY.—The fact that the agreement as to the terms and conditions of the lessor's retaking of the possession of the leased premises and at- tempt to relet the same was made with the assignees of the lease, who were then in possession of the premises, and not with the original lessee, did not relieve the original lessee from further liability for the rent provided in the lease where under the terms of the original lease and of the assignments thereof the original lessee was expressly made liable for the whole unpaid portion of the rentals due under the original lease.

[3] ID.—ACCEPTANCE OF POSSESSION BY LESSOR—SUBSEQUENT RELET- TING—RIGHT TO RECOVER LOSS FROM ORIGINAL LESSEE.—Where a landlord accepts the possession of rented premises from his ten- ant upon the understanding and agreement that he does so for the latter's benefit and in order to relet the premises on the latter's behalf, he has a right to recover from the tenant and from whom- ever else has made himself liable therefor the difference between what he has been able, in good faith, to let the property for and the amount agreed to be paid under the terms of the original lease.

[4] ID.—PLEADING—RECOVERY OF "RENT" OR "DAMAGES."—Where the original lessee, in an action to recover such difference, states the facts upon which he relies for a recovery, his right of recovery is not affected by the fact that he does not denominate the amount he claims to be due in the body or prayer of said complaint as rent or damages.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Stuart M. Salisbury for Appellant.

Barstow, Rohe & Jeffers for Respondent.

RICHARDS, J.—This is an appeal by the defendant Armstrong from a judgment in favor of plaintiff in an action brought to recover a sum of money alleged to be due under the terms of a certain lease and of an alleged agreement on the part of said Armstrong guaranteeing the performance of the terms and conditions of said lease.

This appeal is based upon the judgment-roll alone, and the only two questions presented by the appellant are, first, as to whether the findings of fact are sufficient to support the judgment, and, second, as to whether the plaintiff's amended complaint contains facts sufficient to constitute a cause of action.

The following is a summarized statement of the findings of the trial court, which we must assume upon the record before us are fully sustained by the evidence in the case: On the twenty-fourth day of September, 1912, the plaintiff and respondent herein as lessor, and the defendant and appellant Armstrong herein as lessee, made and entered into a written lease of certain premises in the city of Los Angeles at a rental of $125 monthly during the first year of the term of said lease, and of $150 per month during the remaining four years of said term, which said term of said lease was to expire on the thirtieth day of September, 1917. Said defendant Armstrong entered into possession of said premises under said lease. Thereafter, and on the fourth day of December, 1913, the said Armstrong, with the consent of his lessor, assigned all of his interest in said lease to the defendant herein, Oswald Kehlet, upon the express condition that said Armstrong should remain liable to the said lessor for the performance by Kehlet of all the terms and conditions of said lease. Thereafter and on the first day of May, 1914, the said defendant Kehlet, with the consent of the original lessor, assigned all of his interest in said lease to the defendants herein, Mary E. and Ade Orrill, upon the express condition and agreement that the said defendants, Armstrong and Kehlet, should and did become and remain guarantors for the performance by

the said assignees of Kehlet of all of the terms and conditions of said lease. Thereafter the premises became vacant, and so remained from October, 1914, to May, 1915, during all of which time the defendants had the keys to and possession of said premises. In the month of May, 1915, the defendant Ade Orrill gave the keys of said premises to the plaintiff upon the express understanding and agreement that the plaintiff would make what effort he could to rent said premises, but only on behalf of, and for the benefit of, the defendants herein, and that neither they nor any of them would thereby be relieved from any liability whatever, but that in case the said premises were relet for any sum less than the stipulated rental thereof under the terms of said lease and of said assignments thereof, the lessor would expect the defendants to pay him the difference. That the plaintiff in the exercise of reasonable diligence did succeed on or about June 1, 1915, in obtaining a tenant for said premises for a stipulated rental of $75 per month up to December 31, 1915, and thereafter again rented said premises for the period between January 1, 1916, and December 31, 1916, at a stipulated rental of $90 per month, but that said premises then became vacant and so remained between January 1, 1917, and September 30, 1917, the date of the termination of the original lease of said premises. That after crediting the amounts so received from the succeeding rentals of said premises through the efforts of said plaintiff upon the total sums due and payable under the terms of said original lease there still remained due the sum of $2,325 as rent of said premises, for which sum, together with certain expenses, costs, and counsel fees, the court rendered judgment against each and all of said defendants. From the judgment so rendered the defendant Armstrong prosecutes this appeal.

[1] The said appellant's first contention is that the findings do not sustain said judgment, his claim being that the surrender of said premises by the defendants Orrill to said plaintiff and his acceptance of the same and the subsequent reletting of the premises by him terminated the original lease, and thereby relieved the said appellant Armstrong of any further liability for the rent thereof under his agreement and guaranty. We can perceive no merit in this contention in view of the facts as found by the court that the re-

taking of the possession of said premises on the part of the plaintiff as the original lessor thereof was under an express agreement that he was doing so for the benefit of the defendants, and that his act in so doing and the reletting of the premises by him was not in any manner to relieve the lessees, or any of them, of liability for the rent of said premises as provided in said lease. [2] The burden of the appellant's contention, however, seems to be that this agreement as to the terms and conditions of the plaintiff's retaking of the possession of said premises and attempt to relet the same was made with the defendants Orrill, who were then in possession of the premises, and was not made with the appellant, and that he therefore is not bound thereby. The difficulty about this contention is that under the terms of the original lease and of the assignments thereof by both Armstrong and Kehlet, the appellant Armstrong was made expressly liable for the whole unpaid portion of the rentals due under said original lease, and that he had guaranteed the payment of the same, and that the agreement which the plaintiff made with the Orrills was made for his benefit, and that he was in nowise affected other than advantageously by said agreement, and hence cannot complain of it. The agreement between the plaintiff and the Orrills did not work a termination of the estate created by the terms of said original lease, or of their assignment thereof, but only worked a termination of their possession for their benefit and for the benefit of their two preceding lessees. The authorities cited by the appellant upon this point do not sustain his contention and have no application to a state of facts such as the findings in this case reveal. [3] On the other hand, it has been held by this court that where a landlord accepts the possession of rented premises from his tenant upon the understanding and agreement that he does so for the latter's benefit and in order to relet the premises on the latter's behalf, he has a right to recover from the tenant and from whomever else has made himself liable therefor the difference between what he has been able, in good faith, to let the property for and the amount agreed to be paid under the terms of the original lease. (*Baker* v. *Eilers Music Co.,* 26 Cal. App. 371, [146 Pac. 1056].) We therefore see no merit in the appellant's first contention.

As to his remaining point, that the plaintiff's amended complaint fails to state a cause of action, it is mainly supported by the argument of counsel for the appellant in support of his first contention, and hence falls with it. [4] The suggestion that the plaintiff's said complaint is defective because the plaintiff is said to be suing for ''rent'' and not for ''damages'' has no merit. The plaintiff states in his amended complaint the facts upon which he relies for a recovery, and does not denominate the amount he claims to be due in the body or prayer of said complaint as either rent or damages; and even if he had done so, it would not affect his right of recovery of the sum due as either upon the facts set forth in the complaint.

Judgment affirmed.

Kerrigan, J., and Beasly, P. J., *pro tem.*, concurred.