### WADE et v MARCH

Ohio Appeals, 5th Dist, Stark Co
Decided March 25, 1931

Burt, Kinnison, Carson & Shadrack, for plaintiffs in error.

D. C. Hughes, for defendant in error.

JUSTICE, J.

Plaintiff in his petition avers that,

"On October 22, 1922, plaintiff leased said premises to said the A. H. Slusser Investment Company and Curtis N. Wade for the term of ninety-nine years * * * and that said the A. H. Slusser Investment Company and Curtis N. Wade entered into possession of said premises under said lease, and on the 21st day of January, 1925, said Wade assigned his interest in said lease to said the A. H. Slusser Investment Company."

No other allegations referable to the assignment by Curtis N. Wade appear in the petition. The question, therefore, is: Did plaintiff by alleging that "on the 21st day of January, 1925, said Wade assigned his interest in said lease to said the A. H. Slusser Investment Company" in effect plead that Wade had complied with the provisions of Article 7 of said lease on his part to be kept and performed, and hence was relieved from all further liability to the lessor thereunder?

We answer this question in the negative. No presumption arises that Curtis N. Wade

has performed the terms and conditions of Article 7 of said lease on his part to be kept and performed, and thereby has protected himself. Manifestly, the plaintiff was not required to aver that Wade had not so protected himself. The law fixes Wade's liability under the lease, and if relieved therefrom by following the terms and provisions of the lease relating thereto that should have been pleaded as a defense, which, in passing, we observe was not done either by Wade or his executors. The demurrer was properly overruled.

It is urged, however, that Curtis N. Wade was relieved of any liability under the lease by reason of an extension of time granted by plaintiff to Wade's assignee and P. O. McCully to complete certain improvements specified in the lease. With this contention we do not agree for the reason that such extension clearly inured to the benefit, rather than to the damage of Wade. By the express terms of the lease, Wade and his co-lessee were required to expend twenty thousand dollars for improvements. Certain bonding companies by agreement with the assignee, obligated themselves to and actually did pay to plaintiff fifteen thousand dollars of this amount. Surely Wade is not prejudiced by reason thereof. Volume 16 Ruling Case Law, page 848, Section 347.

It is contended, however, that Curtis N. Wade is relieved of any liability under the lease by the conduct of the lessor and the assignee. With this contention we are not in accord. True, the record discloses that the assignees paid rents, taxes and special assessments, but these acts do not in and of themselves relieve Wade of liability under the lease.

In **Taylor v DeBuss, 31 Oh St, 468,** our Supreme Court held:

"A lessor may maintain an action for rent against his lessee on an express covenant to pay rent during the term contained in the lease for ninety-nine years renewable forever, though the rent accrued after the lessee had assigned all his interest in the leasehold estate and after the lesser had accepted rent from the assignee of the term."

A like import is the pronouncement in **Harmony Lodge v White et al, 30 Oh St, 569.**

The conduct of the lessor and the assignee, in order to relieve Curtis N. Wade of liability under the lease, must be such as to have created in effect a new demise between the plaintiff and the assignee. We quote from Volume 35 Corpus Juris, pages 944 and 995:

"An assignment of the term and the ac-

ceptance of the assignee as tenant discharges the lessee from all obligations arising from privity of estate, but not from those arising from privity of contract * * * unless there is a new agreement by which a new tenancy is created, in which event no further liability attaches to the lessee in the absence of a reservation of such liability."

Obviously, the trial court, who was the trier of the facts, did not find that a new demise was created by the conduct of the lessor and the assignee, and after a careful examination of the record we are persuaded that the trial court's finding on this point is abundantly sustained by the evidence. Hence, under the pronouncement enounced in **Dean v King, 22 Oh St, 118, 134,** we must not disturb it.

All other claims of error have been carefully considered by us and found to be without merit.

Holding these views, it follows that the judgment of the Court of Common Pleas should be affirmed.

Judgment affirmed.

LEMERT, PJ, and SHERICK, J, concur.