[Civ. No. 6940.  Second Appellate District, Division One.—February 2, 1932.]

SHERMAN M. FAIRCHILD, Appellant, v. H. S. CAHN et al., Respondents.

Goudge, Robinson & Hughes and David A. Sondel for Appellant.

Knight & Reynolds for Respondents.

YORK, J.—This action was brought by plaintiff as successor of the lessors under a 99-year lease, against lessees thereunder to recover certain unpaid rentals and the taxes for two successive years, which taxes plaintiff alleged he was compelled to pay because of the failure of defendants to pay them.

Defendants alleged an assignment of the lease to one Paden; that plaintiff entered into several written agreements with the assignee, without the knowledge or consent of defendants, altering and modifying the lease in material respects, and that, because of these modifications of the lease, defendants were relieved of liability for any of the items sued upon.

This appeal is on the judgment-roll only, and some of the points urged by appellant cannot be considered here, because the facts stated in his brief in support of same are not shown in the judgment-roll. The only question now urged by appellant is that the court erred in not giving judgment in his favor, either on the original judgment or in response to his motion for another and different judgment, for the amount of the taxes which became a lien on the first Monday of March of the year 1926.

The trial court's findings herein referred to, under the record as presented here, are binding upon this court. It was found by the court that the amount of the taxes for the fiscal year 1926–1927, became a lien on the property prior to the assignment of the lease, but that the amount thereof was not due or payable until after such assignment, and it was found by the court: "That in, by and under the terms of said lease it is provided that the lessees shall deposit the sum of Twenty-five Thousand Dollars ($25,000.00) in cash with the lessors to be held by the lessors as part security for the full and faithful performance and observance by the lessees of all of the terms, covenants and conditions of said lease; that contemporaneously with the execution of said lease the sum of Twenty-five Thousand Dollars ($25,000.00) was paid by the defendants to the lessors in said lease, and that said sum has never been repaid or accounted for to the defendants herein, nor has any part thereof, and that no part of said sum has been applied to or on account of the obligations which plaintiff seeks herein to recover, or any other obligations whatsoever accruing under said lease, or any damages for any breach thereof; that the defendants have made written demand upon the plaintiff requiring him first to resort to said security held by him as aforesaid before proceedings against said defendants under said lease. . . . " It was also found by the court: "That in the settlement referred to in Para-

graph XIV, between the plaintiff and the trustee in bankruptcy of the said W. W. Paden Estate, the deposit of Twenty-five Thousand ($25,000.00) Dollars was made a part of and was absorbed in said settlement.'' It was further found: ''That all of the allegations contained in the answer of the defendants H. S. Cahn and M. S. Robbin on file herein are true.''

It follows that, in view of the said findings, and because of the many modifications of the lease, without the consent of the defendants, made after their assignment of the lease, the trial court was right in finding as a conclusion of law that the defendants at the time this suit was filed were not liable to the plaintiff for or on account of the taxes which became a lien on the first Monday of March of 1926.

The fact that the defendants, after the assignment of the lease, were sureties only that such payment would be made by the parties to whom they assigned the lease, and that this lease provided for an assignment and that such assignment was made in accordance with the provisions thereof, and that such taxes, which were a lien, were not due or payable until after such assignment had been made, and the fact, as found by the court, that the plaintiff held $25,000 to secure such payment and did not use such amount for such purpose and in fact released the parties who were directly responsible therefor, and still held the said $25,000, fully justified the judgment of the trial court that plaintiff take nothing.

The judgment and order are, and each of them is, affirmed.

Conrey, P. J., concurred.

Houser, J., concurred in the judgment.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 3, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 31, 1932.