**TENISON et al. v. KNAPP et al.**

No. 9159.

Court of Civil Appeals of Texas. San Antonio.

Nov. 1, 1933.

Rehearing Denied Nov. 29, 1933.

Kelley, Looney & Norvell, of Edinburg, for appellants.

Strickland, Ewers & Wilkins, of Mission, and Leslie & Hardin, of Edinburg, for appellees.

FLY, Chief Justice.

This suit was instituted by F. E. Knapp and J. A. Knapp against J. R. Tenison and W. H. Tenison, operating under the name of Tenison Motor Company, Ray S. Wait, W. M. Morgan, Donna Motor Company, Inc., and Levi E. Taylor.

The object of the suit was to recover certain rentals due and to become due on a rental contract on a certain building in Donna, Tex. The lease contract was alleged to have been executed on June 17, 1929, for the term of five years; the lessees in the contract being J. R. Tenison and W. H. Tenison, operating as a copartnership under the firm name of Tenison Motor Company; the rental being in the sum of $350 per month. It was alleged that the lessees had made default in payments due by the contract, beginning in June, 1932. It was further alleged that the rental contract had been assigned by the Tenisons to Ray S. Wait, who afterwards transferred it to W. M. Morgan, who in turn transferred it to Donna Motor Company, Inc., each of the transferees binding himself to pay the rent, according to the face, tenor, and effect of the original contract. Default was alleged as against all the parties.

It was further alleged that one Levi E. Taylor held a chattel mortgage against certain personal property on which appellees held a lien executed by the Tenisons to them in the original contract. The mortgage held by Levi E. Taylor was executed on February 1, 1932, more than two years after the lien had been given by the Tenisons on the same property to the Knapps, to secure the rentals due and to become due on the building in Donna, Tex.

The case was tried before the court without a jury and judgment rendered in favor of the Knapps for the sum of $2,100, as against the Tenisons, Morgan, Wait, and the Donna Motor Company, Inc. Judgment was rendered for the same amount in favor of the Tenisons against the transferees of the contract, and each remaining transferee was given judgment for the same sum against his transferee of the contract. The lien evidenced by the rental contract was foreclosed as against the personal property of the Tenisons, described in the contract. The Donna Motor Company confessed judgment on the chattel mortgage given by it to Levi E. Taylor. The judgment gave the mortgage lien of Levi E. Taylor precedence over the landlord's lien of the Knapps on the property described in the rental contract in the sum of $2,376, with interest and attorney's fees. The judgment in favor of Taylor was based on a cross-action filed by him. The court appointed Kennedy Smith as receiver for the property of the Donna Motor Company, and he was directed to sell the property and apply the proceeds in accordance with said judgment.

The facts upon which the judgment was based by the trial judge are recited in the judgment itself, and they are adopted as the conclusions of fact of this court. Omitting description of the personal property, the recitals are as follows:

"1. That heretofore, to-wit, on the 17th day of June, 1929, the Plaintiffs, F. E. Knapp and J. A. Knapp, leased in writing to the Defendants J. R. Tenison and W. H. Tenison, for a period of five (5) years, commencing on June 17th, 1929, and ending on June 17th, 1934, all that certain described tract, piece or parcel of land, lying and being situated in the County of Hidalgo, State of Texas, to-wit: 'The West 100 feet of Lots numbered Thirty-two (32), Thirty-three (33), Thirty-four (34), Thirty-five (35), and Thirty-six (36), in Block numbered Twelve (12), in the City of Donna, Hidalgo County, Texas'—together with all buildings thereon situated, at the agreed sum of Three Hundred Fifty ($350.00) Dollars per month, payable on the 17th day of each month in advance during the term of said lease.

"2. That thereafter, the Defendants, J. R. Tenison and W. H. Tenison, transferred and assigned said lease to the Defendant, Ray S. Waite, who agreed to assume, and did obligate himself to pay all rentals due and to become due under the terms of said lease.

"3. That thereafter the Defendant, Ray S. Waite, did assign and transfer said lease to the Defendant, W. M. Morgan, who agreed to assume the payment of all rentals due and to become due under the terms thereof.

"4. That thereafter, the Defendant, W. M. Morgan transferred and assigned said lease to the Defendant, Donna Motor Company, Incorporated, which said Defendant, Donna Motor Company, Incorporated, did assume the payment of all rentals due and to become due under the terms of said lease.

"5. That at the date of the trial hereof, there is due and owing to the Plaintiffs herein, as rental under the terms of said lease, the sum of Twenty-one Hundred ($2100.00) Dollars, for the six (6) months period beginning on June 16th, 1932 and ending on December 17th, 1932.

"6. That on the 1st day of February, 1932, the Defendant, Donna Motor Company, Incorporated, executed and delivered to Gordon Griffin, its certain promissory note in the principal sum of Two Thousand ($2000.-

00) Dollars, due and payable on or before four (4) months after date, with interest thereon from and after date until maturity at the rate of six (6%) per cent per annum, and after maturity until paid at the rate of Ten (10%) per cent per annum, and providing for Ten (10%) per cent additional on both principal and interest then due as attorneys' fees if placed in the hands of an attorney for collection at its maturity; that contemporaneously with the execution of said note, the Defendant, Donna Motor Company, Incorporated, delivered to Gordon Griffin, its certain Chattel Mortgage in writing, conveying to said Gordon Griffin for the purpose of securing the prompt payment of said note at its maturity, all that certain goods, wares, chattels, merchandise and personal property situated in the buildings located upon the above described lots, and described as follows, to-wit: (Here follows a description of the property, which is omitted from the opinion). * * *

"7. That thereafter, said Gordon Griffin did transfer and assign unto the Defendant, Levi E. Taylor, said note, as well as said Chattel Mortgage securing the payment thereof, and that the said Levi E. Taylor is now the owner and holder of said note as well as the Chattel Mortgage Lien securing the payment thereof.

"8. That the Intervenor, Universal Credit Company, a corporation, had, prior to the institution of this action, filed an action in the District Court of Harris County, Texas, said cause being docketed as cause numbered 205,608, styled Universal Credit Company versus Donna Motor Company, and in which said cause, said Universal Credit Company asserted ownership in and to the following described automobiles, to-wit:

| Motor No. | Description of Car. |
| --- | --- |
| A–935564 | 1929 Ford Pickup Roadster |
| 5010782 | Ford B. DeLuxe Sedan |
| 5040890 | Ford B. Standard Coupe |
| 5052138 | Ford BB 157 Closed Cab Dual Wheel Truck |
| 5010095 | Ford B DeLuxe Roadster |
| 5010721 | Ford B 2 Door Sedan |

"And it further appearing that there is no equity in said above described property for said Donna Motor Company, or its Receiver, and that said Intervenor has possession of said automobiles, and has had such possession previous to the filing of this action."

The correctness of the recitals of fact in the judgment are not questioned by the assignments of error or propositions.

The only appeal perfected in this case is by the Tenisons.

■ The first assignment of error and the proposition thereunder complain of the mortgage lien being given precedence over the landlord's lien of the Knapps. The reason given in the proposition as to the judgment being incorrect because of the mortgage lien being given precedence over the landlord's lien, is on account of a certain affidavit made by Levi E. Taylor as to there being no incumbrance on the property of the Donna Motor Company, when he applied for an increase of the capital stock of that company. It seems that he was the leading stockholder in the Donna Motor Company. It will be noted that it is the Tenisons, the lessees of the building, and not the Knapps, the lessors, who are complaining about the mortgage of Levi E. Taylor. The mortgage was shown to have been in full force and effect, and the false affidavit made by Taylor did not destroy the lien, and no waiver is shown by Taylor through his making the false affidavit. The first assignment and proposition thereunder are overruled.

■ There is no merit in the contention that the Tenisons were converted from principals into sureties by their transfer to Wait, and Wait's to Morgan, and Morgan's to Donna Motor Company. It would be a remarkable piece of prestidigitation for a contract to be converted by the principal debtor in it into a case of suretyship on the part of that principal debtor, by his transfer of the contract to some one else who assumed payment of it. The mere statement of the proposition answers it effectively, and the second assignment of error and the proposition thereunder are overruled.

■ The third assignment of error and the proposition thereunder assail the judgment of the court against the Tenisons as well as the others, because the Knapps did not plead or prove that they had used reasonable diligence in collecting the rents from the different transferees of the contract. The Knapps could have ignored all of the transfers of the contract and could have prosecuted, successfully, a suit against the Tenisons alone, who were the original lessees of the property. There is no merit whatever in the third assignment and proposition thereunder, and they are overruled.

The judgment will be affirmed.