SADIE GERBER, PLAINTIFF-RESPONDENT, v. EDWARD PECHT, DEFENDANT-APPELLANT, AND SAM D. MOSKOWITZ, *ET AL.*, DEFENDANTS.

Argued March 8, 1954—Decided March 29, 1954.

*Mr. Samuel H. Nelson* argued the cause for appellant (*Mr. Irving Mandelbaum*, attorney).

*Mr. Sidney Krieger* argued the cause for respondent (*Mr. Samuel L. Marcus*, attorney).

The opinion of the court was delivered by

JACOBS, J. The Appellate Division affirmed a judgment for the plaintiff, entered in the Superior Court, Law Division. We granted certification under *R. R.* 1:10-2. 14 *N. J.* 130.

The plaintiff's predecessor, as lessor, and the defendant Pecht, as lessee, executed a five-year lease for store premises located in Irvington, New Jersey. The fifth paragraph of the printed terms of the lease prohibited any assignment thereof but a typewritten addition stipulated that "The tenant may assign this lease, provided he gets a written consent from the landlord." On November 9, 1948 the defendant Pecht assigned the lease to Moskowitz; the assignment was made with the plaintiff's written consent and upon condition that the assignor and the assignee were to remain liable on the lease for the balance of its term. On February 14, 1950 Moskowitz assigned the lease to Maria and Wilfred Christensen who agreed to comply with all of its provisions; this assignment was made with the plaintiff's written consent but without the defendant Pecht's consent. After the Christensens had defaulted and had vacated the premises the plaintiff instituted her action against the defendant Pecht and the assignees claiming rent and water charges due under covenants in the lease and damages for breach of a covenant to keep the premises in repair. Summary judgment for rent

in the sum of $1,172.50 and water charges in the sum of $45 was entered in the Law Division and the defendant Pecht appealed, contending that upon the first assignment of the lease he became a surety and that upon the second assignment without his consent he was discharged from further liability on the lease. *Cf. Silver v. Friedman*, 18 *N. J. Super.* 367 (*App. Div.* 1952) with *Portnoff v. Medinkowitz*, 27 *N. J. Super.* 301 (*App. Div.* 1953).

 The assignment of a lease does not relieve the lessee of his contractual undertakings in the lease even though the lessor has consented to the assignment and has accepted rental payments from the assignee. *Elizabeth Trust Co. v. Chong*, 114 *N. J. L.* 129, 131 (*E. & A.* 1934); *Hunt v. Gardner*, 39 *N. J. L.* 530, 534 (*Sup. Ct.* 1877); *Earlington Realty Co. v. Berkow*, 3 *N. J. Misc.* 444, 446 (1925). The lessor may, of course, expressly release the lessee from further liability or may engage in conduct which has the same legal effect. *Clark v. Byrne*, 117 *N. J. L.* 301, 306 (*E. & A.* 1936); *Wallace v. Kennelly*, 47 *N. J. L.* 242, 246 (*Sup. Ct.* 1885). Thus the lessor may enter into a direct leasing arrangement with the assignee which effectively establishes a new tenancy relationship while terminating the old. *Clark v. Byrne, supra; Carrano v. Shoor*, 118 *Conn.* 86, 171 *A.* 17 (*Sup. Ct. Err.* 1934); 1 *Tiffany, Landlord and Tenant*, 964 (1912). Or the lessor and assignee may, by agreement, materially vary the terms of the original lease with like consequences. See *Walker v. Rednalloh Co.*, 299 *Mass.* 591, 13 *N. E. 2d* 394, 397 (*Sup. Ct. Jud.* 1938); 2 *Walsh Commentaries, Law of Real Property*, 281, n. 4 (1947).

 After the defendant Pecht assigned the lease to Moskowitz their relationship *inter se* was comparable to that of principal and surety; they both were liable to the lessor but as between themselves Moskowitz was primarily and Pecht was secondarily liable. Conflicting expressions may be found in the cases as to whether the relationship included the lessor. In *Carrano v. Shoor, supra*, Chief Justice Maltbie adopted the views stated in *Buynton v. Morgan*, 22 *Q. B. D.* 74 (1888), that the relationship did not include the lessor

and that, as regards him, the original lessee "still remained a principal debtor by reason of his covenant to pay rent." [118 *Conn.* 86, 171 *A.* 21.] See also *Saulpaugh v. Hamilton*, 64 *Colo.* 139, 171 *P.* 65 (*Sup. Ct.* 1918) ; *Tenison v. Knapp*, 64 *S. W. 2d* 1071 (*Tex. Civ. App.* 1933) ; 99 *A. L. R.* 1238, 1240 (1935) ; 51 *C. J. S., Landlord and Tenant*, § 45, *p.* 575 (1947). On the other hand, in *Gholson v. Savin*, 137 *Ohio St.* 551, 31 *N. E. 2d* 858, 862, 139 *A. L. R.* 75 (*Sup. Ct.* 1941), Judge Hart expressed the rule to be that "when a lease is assigned by the lessee, the assignee becomes the principal obligor for the payment of the rent thereafter accruing and the future performance of the covenants, and the lessee assumes the position of surety toward the lessor." See 1 *American Law of Property*, 311 (1952). While the latter approach has been questioned we need not pursue the matter of labels or nomenclature (*Busch v. Plews*, 12 *N. J.* 352, 358 (1953)) since we are satisfied that Pecht's claim for discharge of liability must, in any event, rest upon a showing that the second assignment constituted a material and prejudicial variation in the terms of the lease. See *Walker v. Rednalloh Co., supra* [299 *Mass.* 591, 13 *N. E. 2d* 397], where Justice Dolan set forth the principles which we consider to be generally applicable :

"Regardless of the precise analysis of the theories by which the lessee may be relieved of liability by an assignment, the principle is clear that an agreement between the lessor and the assignee materially varying the terms of the original lease will on one theory or another result in the termination of the lessee's covenant to pay rent. *Fifty Associates v. Grace*, 125 *Mass.* 161, 163, 28 *Am. Rep.* 218; *T. A. D. Jones Co. v. Winchester Repeating Arms Co.*, D. C., 55 *F. 2d* 944, at *page* 948; *Kaskel v. Hollander*, 1 *Cir.*, 68 *F. 2d* 265, 267; *Fairchild v. Cahn*, 120 *Cal. App.* 418, 420, 7 *P. 2d* 1051; *Keeley v. Beenblossom*, 183 *Iowa*, 861, 863, 864, 167 *N. W.* 638; *Seeburger v. Cohen*, 215 *Iowa*, 1088, 1092, 247 *N. W.* 292, 89 *A. L. R.* 427. Compare *Essex Lunch, Inc. v. Boston Lunch Co.*, 229 *Mass.* 557, 559, 560, 118 *N. E.* 899. The lessee is not discharged, however, by variations which inure to his benefit. *Eastman v. Nelson*, 8 *Alaska* 548, 555, 556; *Gates v. Kehlet*, 43 *Cal. App.* 738, 741, 185 *P.* 983; *Wade v. March*, 39 *Ohio App.* 111, 116, 176 *N. E.* 687. Compare *In re United Cigar Stores Co.*, 2 *Cir.*, 85 *F. 2d* 134. Nor is the lessee discharged by agreements between lessor and assignee which may increase the liability of the lessee, but which are permitted

by the terms of the original lease, to the benefits of which the assignee is entitled. *Wall v. Hinds*, 4 *Gray* [*Mass.*] 256, 266, 267, 64 *Am. Dec.* 64."

Unlike the situation presented in *Silver v. Friedman, supra,* the lease in the instant matter embodied an express provision which authorized the tenant to assign the lease with the landlord's consent. When the defendant Pecht executed his assignment to Moskowitz he did not impose limitations (as he might have) but unconditionally transferred the lease with all of its privileges; included was the provision permitting an assignment. When Moskowitz assigned the lease he complied strictly with its terms; at no time was there any waiver or alteration of its provisions or enlargement of its burdens. Under the circumstances the defendant Pecht may not justly complain about the conduct of the lessor or Moskowitz and is in no position to assert that his consent was a condition precedent to the second assignment. See *Portnoff v. Medinkowitz, supra,* and *Margolius v. Fleming,* 6 *N. J. Misc.* 1033 (*Sup. Ct.* 1928), where it was held that a lessee who, with his landlord's consent, unconditionally assigned his lease as permitted by the express terms thereof, was not discharged by a subsequent assignment consented to by the landlord.

We find no merit whatever in the appellant's point that the summary judgment should not have included the item for water charges. Under the terms of the lease the defendant Pecht was liable not only for rent but also for water charges and under the pretrial order the plaintiff was entitled, in the event of recovery, to the amounts stipulated on both claims. The judgment entered in the Law Division was entirely proper and is:

Affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.